UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Medtronic, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Petco Animal Supplies Stores, Inc., <br><br> Defendant. | Court File No. <br><br><br> **COMPLAINT** <br><br><br> JURY TRIAL DEMANDED |

Plaintiff, as for its Complaint against Defendant, states and alleges as follows:

### IDENTIFICATION OF PARTIES

1. At all times material herein, Plaintiff Medtronic, Inc., is a company incorporated under the laws of the State of Minnesota, with its principle place of business located at 710 Medtronic Parkway, Minneapolis, Minnesota and is duly authorized to and does, conduct business in the State of Minnesota.

2. Upon information and belief, at all times material herein, Defendant Petco Animal Supplies Stores, Inc., is a corporation incorporated under the laws of the State of Delaware, with its principle place of business located at 9125 Rehco Rd, San Diego, California and is duly authorized to, and does conduct business in the State of Minnesota.

### JURISDICTION AND VENUE

3. The Court has diversity jurisdiction under 28 U.S.C. § 1332, in that this is a civil action wherein the amount in controversy exceeds the sum of $75, 000.00, exclusive of interest and costs and is between citizens of different states.

4. Venue is proper because both Plaintiff and Defendant reside and conduct business in this district within the contemplation of 28 U.S.C. § 1391.

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), as this action also arises under 5 U.S.C. §2301 et. seq., (Magnusson-Moss Warranty Act).

## FACTS

6. That on or about May 20, 2007 an aquarium heater, designed, manufactured, and sold by Defendant, that had been purchased by Plaintiff, malfunctioned.

7. That as a direct and proximate result of said malfunction, a fire occurred causing over $1,000,000 in property damages and business interruption losses to Plaintiff.

## COUNT ONE

8. Plaintiff realleges paragraphs 1 through 7 as set forth hereinabove and incorporates said paragraphs herein by reference.

9. That Defendant, Petco Animal Supplies Stores, Inc.(hereinafter referred to as "Petco"), negligently designed, manufactured, constructed, assembled, and distributed the aforementioned aquarium heater, which negligence was a direct and proximate cause of the fire and damages described hereinabove.

## COUNT TWO

10. Plaintiff realleges paragraphs 1 through 9 as set forth hereinabove and incorporates said paragraphs herein by reference.

11. That Defendant negligently failed to provide Plaintiff with reasonable warnings of defects and hazards which it knew or should have known were present in the aquarium heater described herein, which negligence was a direct and proximate cause of the fire

and damages described hereinabove.

## COUNT THREE

12. Plaintiff realleges paragraphs 1 through 11 as set forth hereinabove and incorporates said paragraphs herein by reference.

13. That Defendant, Petco, expressly or impliedly warranted the fitness and merchantability of the aquarium heater described herein.

14. That Defendant has breached the aforementioned express or implied warranties of fitness and merchantability.

15. That Defendant has breached the implied warranties and fitness and merchantability described in the Magnuson-Moss Warranty Act set out in Title 15 of the United States Code (15 U.S.C. § 2301 et.seq.), and Minnesota State law, M.S.A. § 325G.18 and otherwise and as a result Plaintiff is entitled to recovery of damages and attorneys fees thereunder.

16. That said breaches of warranties were a direct and proximate cause of Plaintiff's damages described hereinabove.

## COUNT FOUR

17. Plaintiff realleges paragraphs 1 through 16 as set forth hereinabove and incorporates said paragraphs herein by reference.

18. That said aquarium heater was defective, and that as a direct and proximate result of said defect, Plaintiff suffered the damages described hereinabove.

19. That Defendant, Petco, is strictly liable for the damages sustained by the Plaintiff as a result of the May 20 2007, fire.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of $75,000.00, prejudgment interest thereon, their costs and disbursements herein, attorneys fees, and for such other and further relief as the Court deems just and equitable.

Date: 11 Feb 09

YOST & BAILL, LLP

By: _____
Jeffrey M. Baill (ID #120601)
David J. Taylor (ID #0305790)
Attorneys for Plaintiff
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
612.338.6000
jbaill@yostbaill.com
dtaylor@yostbaill.com