UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MEDTRONIC, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC. and INTERNATIONAL PET SUPPLIES AND DISTRIBUTION, INC.,<br><br>        Defendants. | CIVIL NO.:  09-CV-363 (DWF/JSM)<br><br><br>**AMENDED COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Plaintiff, as for its Complaint against Defendants, states and alleges as follows:

## IDENTIFICATION OF PARTIES

1. At all times material herein, Plaintiff Medtronic, Inc., is a company incorporated under the laws of the State of Minnesota, with its principle place of business located at 710 Medtronic Parkway, Minneapolis, Minnesota and is duly authorized to and does, conduct business in the State of Minnesota.

2. Upon information and belief, at all times material herein, Defendant PETCO Animal Supplies Stores, Inc. (hereinafter "PETCO"), is a corporation incorporated under the laws of the State of Delaware, with its principle place of business located at 9125 Rehco Rd, San Diego,

California and is duly authorized to, and does conduct business in the State of Minnesota.

3. Upon information and belief, at all times material herein, Defendant International Pet Supplies and Distribution, Inc. (hereinafter "International"), is a corporation incorporated under the law of the State of California, with its principle place of business located at 9125 Rehco Rd, San Diego, California and is duly authorized to, and does conduct business in the State of Minnesota.

4. Upon information and belief, at all times material herein, Defendant International Pet Supplies and Distribution, Inc. is a wholly owned subsidiary of Defendant PETCO Animal Supplies, Inc.

## JURISDICTION AND VENUE

5. The Court has diversity jurisdiction under 28 U.S.C. § 1332, in that this is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states.

6. Venue is proper because Plaintiff and Defendants reside and conduct business in this district within the contemplation of 28 U.S.C. § 1391.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), as this action also arises under 5 U.S.C. §2301 et. seq., (Magnusson-Moss Warranty Act).

## FACTS

8. On or about May 20, 2007 an aquarium heater, designed, manufactured, sold, purchased and distributed by Defendants PETCO and International, that had been purchased by Plaintiff, malfunctioned.

9. As a direct and proximate result of said malfunction, a fire occurred causing over $1,000,000.00 in property damages and business interruption losses to Plaintiff.

## COUNT ONE - NEGLIGENCE

10. Plaintiff realleges paragraphs 1 through 9, as set forth hereinabove and incorporates said paragraphs herein by reference.

11. Defendant PETCO negligently designed, manufactured, constructed, assembled, and distributed the aforementioned aquarium heater, which negligence was a direct and proximate cause of the fire and damages described hereinabove.

12. Defendant International negligently purchased, manufactured and/or otherwise negligently distributed the aforementioned aquarium heater, which negligence was a direct and proximate cause of the fire and damages described hereinabove.

## COUNT TWO – FAILURE TO WARN

13. Plaintiff realleges paragraphs 1 through 12, as set forth hereinabove and incorporates said paragraphs herein by reference.

14. Defendants PETCO and International negligently failed to provide Plaintiff with reasonable warnings of defects and hazards which they knew or should have known were present in the aquarium heater described herein, which negligence was a direct and proximate cause of the fire and damages described hereinabove.

### COUNT THREE – BREACH OF EXPRESSED OR IMPLIED WARRANTIES

15. Plaintiff realleges paragraphs 1 through 14, as set forth hereinabove and incorporates said paragraphs herein by reference.

16. Defendants PETCO and International expressly or impliedly warranted the fitness and merchantability of the aquarium heater described herein.

17. Defendants PETCO and International have breached the aforementioned express or implied warranties of fitness and merchantability.

18. Defendants PETCO and International have breached the implied warranties and fitness and merchantability described in the Magnuson-Moss Warranty Act set out in Title 15 of the United States Code (15 U.S.C. § 2301 et.seq.), and Minnesota State law, M.S.A. § 325G.18 and otherwise and as a result Plaintiff is entitled to recovery of damages and attorneys fees thereunder.

19. Said breaches of warranties were a direct and proximate cause of Plaintiff's damages described hereinabove.

## **COUNT FOUR – STRICT LIABILITY**

20. Plaintiff realleges paragraphs 1 through 19, as set forth hereinabove and incorporates said paragraphs herein by reference.

21. Said aquarium heater was defective, and that as a direct and proximate result of said defect, Plaintiff suffered the damages described hereinabove.

22. Defendant PETCO is strictly liable for the damages sustained by the Plaintiff as a result of the May 20 2007 fire.

WHEREFORE, Plaintiff prays for judgment against Defendants PETCO Animal Supplies, Inc. and International Pet Supplies and Distribution, Inc., jointly and severally, in an amount in excess of $75,000.00, prejudgment interest thereon, their costs and disbursements herein, attorneys fees, and for such other and further relief as the Court deems just and equitable.

Dated:   31 August 2010            **YOST & BAILL, LLP**

By   s/David J. Taylor
Jeffrey M. Baill (ID #120601)
David J. Taylor (ID #0305790)
*Attorneys for Plaintiff*
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN  55402
612.338.6000 – telephone
612.344.1689 – facsimile
jbaill@yostbaill.com
dtaylor@yostbaill.com