# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Medtronic, Inc., | ) Civil Action No.: 09-363 (DWF/JSM) |
| Plaintiff, | ) |
| vs. | ) |
| PETCO Animal Supplies Stores, Inc. and International Pet Supplies and Distribution, Inc. | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS PETCO ANIMAL SUPPLIES STORES, INC. AND INTERNATIONAL PET SUPPLIES AND DISTRIBUTION, INC. TO PLAINTIFF'S AMENDED COMPLAINT

Defendants PETCO Animal Supplies Stores, Inc. and International Pet Supplies and Distribution, Inc., for their Answer to Plaintiff's Amended Complaint, state and allege as follows:

1. Defendants PETCO and IPSD do not have sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's Amended Complaint, and therefore deny them.

2. Defendants PETCO and IPSD admit the allegations in paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants PETCO and IPSD admit IPSD is incorporated under the laws of the State of California. Defendants PETCO and IPSD

deny the remaining allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.     Defendants PETCO and IPSD admit the allegations in paragraph 4 of Plaintiff's Amended Complaint.

5.     Defendants PETCO and IPSD do not have sufficient information to admit or deny the allegations in paragraph 5 of Plaintiff's Amended Complaint, and therefore deny them.

6.     Defendants PETCO and IPSD deny IPSD resides or conducts business in this district. The remaining allegations in paragraph 6 of Plaintiff's Amended Complaint state a legal conclusion which does not call for a response. Should a response be deemed necessary, defendants PETCO and IPSD deny the remaining allegations in paragraph 6 of Plaintiff's Amended Complaint.

7.     Defendants PETCO and IPSD recognize that the allegations in paragraph 7 of Plaintiff's Amended Complaint state a legal conclusion which does not call for a response. Should a response be deemed necessary, defendants PETCO and IPSD deny the allegations in paragraph 7 of Plaintiff's Amended Complaint.

8.     Defendants PETCO and IPSD deny the allegations in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendants PETCO and IPSD deny the allegations in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants PETCO and IPSD recognize that paragraph 10 of Plaintiff's Amended Complaint does not call for a response. Should a response be deemed necessary, defendants PETCO and IPSD deny the allegations in paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants PETCO and IPSD deny the allegations in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants PETCO and IPSD deny the allegations in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants PETCO and IPSD recognize that paragraph 13 of Plaintiff's Amended Complaint does not call for a response. Should a response be deemed necessary, defendants PETCO and IPSD deny the allegations in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants PETCO and IPSD deny the allegations in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants PETCO and IPSD recognize that paragraph 15 of Plaintiff's Amended Complaint does not call for a response. Should a response be deemed necessary, defendants PETCO and IPSD deny the allegations in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants PETCO and IPSD deny the allegations in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants PETCO and IPSD deny the allegations in paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants PETCO and IPSD deny the allegations in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants PETCO and IPSD deny the allegations in paragraph 19 of Plaintiff's Amended Complaint.

20. Defendants PETCO and IPSD recognize that paragraph 20 of Plaintiff's Amended Complaint does not call for a response. Should a response be deemed necessary, defendants PETCO and IPSD deny the allegations in paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants PETCO and IPSD deny the allegations in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants PETCO and IPSD deny the allegations in paragraph 22 of Plaintiff's Amended Complaint.

23. To the extent necessary, defendants PETCO and IPSD further deny the allegations in the WHEREFORE clause of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

1.  STATUTE OF LIMITATIONS

Affirmatively allege that Plaintiff's claims are barred by the applicable statute of limitations, statutes of repose or the doctrine of laches. Specifically, the warranty claims asserted in Plaintiff's Amended Complaint, including those under the Magnuson-Moss Warranty Act and Minn. Stat. §325G.18, are barred by the applicable four-year statute of limitations.

2. CONTRIBUTORY NEGLIGENCE–PLAINTIFF

Affirmatively allege that, if Plaintiff has sustained any damages as alleged in the Amended Complaint, such damages were caused or contributed to by acts, omissions, faults, negligence, assumption of the risk, misuse or other wrongful or improper conduct of Plaintiff.

3. CONTRIBUTORY NEGLIGENCE–OTHER PARTIES

Affirmatively allege that, if Plaintiff has sustained any damages as alleged in the Amended Complaint, such damages were caused or contributed to by acts, omissions, faults, negligence, assumption of the risk, misuse or other wrongful or improper conduct of those over whom defendants PETCO and IPSD had no control.

## 4. FAILURE TO JOIN PARTIES

Affirmatively allege that Plaintiff has failed to join indispensable parties.

## 5. FAILURE TO ELECT TORT THEORY

Affirmatively allege that, based on the Plaintiff's allegations, Minnesota law requires the Plaintiff to elect either a strict liability or a negligence theory, but not both. Therefore, Plaintiff must withdraw its strict liability theory or its negligence theory.

## 6. INAPPLICABLE STATUTES PLED

Affirmatively allege that Plaintiff bases part of its action on inapplicable statutes. Specifically, consumer sales for business purposes are exempted from the provisions of the Magnuson-Moss Warranty Act and from Minn. Stat. §325G.18.

## 7. COLLATERAL ESTOPPEL–FAILURE TO WARN

Affirmatively allege that Plaintiff is collaterally estopped from asserting a failure to warn claim.

## 8. RESERVATION OF RIGHT TO AMEND

Defendants PETCO and IPSD reserve the right to add to this answer and to rely upon any affirmative defenses disclosed through further investigation and discovery.

WHEREFORE, defendants PETCO and IPSD pray for judgment of this Court dismissing Plaintiff's claims against them with prejudice and awarding them their costs and disbursements herein.

Dated: September 7, 2010        **FOLEY & MANSFIELD PLLP**

By: **s/Aaron M. Ponce**
Aaron M. Ponce (#296405)
250 Marquette Avenue, Suite 1200
Minneapolis, Minnesota 55401
*aponce@foleymansfield.com*
Telephone: (612) 338-8788
Fax: (612) 338-8690

**ATTORNEYS FOR DEFENDANTS PETCO ANIMAL SUPPLIES STORES, INC. AND INTERNATIONAL PET SUPPLIES AND DISTRIBUTION, INC.**